UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DAVID P. D'AMATO | ) |
| | ) |
| Plaintiff, | ) Civil Action No. _____ |
| | ) |
| | ) |
| | ) Removed from the Thirteenth Judicial Circuit |
| vs. | ) Court in Boone County, Missouri |
| | ) Case No. 16BA-CV00705 |
| DAVID FARRIER, DYLAN REEVE, | ) |
| CARTHEW NEAL, JUSTIN | ) |
| PEMBERTON, DAVID STARR, and MPI | ) |
| MEDIA GROUP, d/b/a MALACK | ) |
| PRODUCTIONS, INC. | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, and in accordance with 28 U.S.C. § 1332(a), defendant David Farrier ("Defendant") hereby removes this civil action, pending in the Thirteenth Judicial Circuit Court in Boone County, Missouri, to the United States District Court for the Western District of Missouri, Central Division. In support of this Notice of Removal, Defendant states as follows:

### INTRODUCTION

1. Plaintiff David P. D'Amato ("Plaintiff" or "D'Amato") commenced this action by filing a Complaint in the Thirteenth Judicial Circuit Court in Boone County, Missouri, on March 3, 2016, which is docketed at 16BA-CV00705. *See* Exhibit 1 hereto.

2. Plaintiff served Defendant personally at the True/False Film Festival in Columbia, Missouri, on March 5, 2016.

3. To date, no other defendants have been served.

1

23131502v1

Case 2:16-cv-04081-MJW   Document 1   Filed 03/10/16   Page 1 of 6

4.  This Notice of Removal is being filed on March 10, 2016, which is within thirty (30) days of March 5, 2016. *See* 28 U.S.C. § 1446(b). Therefore, notice of removal is timely filed within the time required by 28 U.S.C. § 1446(b).

5.  Pursuant to 28 U.S.C. § 1446(a) copies of all process and pleadings that have been received by Defendant, together with other filings on file with the Thirteenth Judicial Circuit Court are filed herewith. *See* Exhibit 1.

## PLAINTIFF'S CLAIMS

6.  According to Plaintiff, all defendants were involved in the production of a film entitled "Tickled" (the "Film"). Complaint ("Compl.") ¶ 8.

7.  In the Film, Plaintiff alleges certain defamatory statements were made about him. *Id.*

8.  As a result of the alleged defamatory statements, Plaintiff claims he suffered injury to his reputation. *Id.* ¶ 12.

9.  In addition, Plaintiff alleges the defamatory statements caused him to suffer "medically diagnosable and significant emotional distress." *Id.* ¶ 16.

10. Based on these allegations, Plaintiff has asserted causes of action for defamation and negligent infliction of emotional distress, and seeks both compensatory and punitive damages.

## GROUNDS FOR REMOVAL

11. The present lawsuit is removable from state court pursuant to 28 U.S.C. §§ 1332(a)(1) & (2) and 1441.

12. This Court has jurisdiction over the claims in this case because there is complete diversity between Plaintiff and all defendants, and because the amount in controversy exceeds $75,000. *See* 28 U.S.C.§§ 1332(a)(1).

13. Plaintiff is a citizen and resident of the State of New York. Compl. ¶ 1.

14. Defendant is a citizen of New Zealand. *Id.* ¶ 2.

15. Defendants Reeve, Neal, and Pemberton are also citizens of New Zealand. *Id.* ¶¶ 3-4.

16. Defendant Starr is alleged to be a citizen and resident of the State of California. *Id.* ¶ 6.

17. Defendant MPI Media Group is a corporation organized under the laws of the State of Illinois. *Id.* ¶ 7.

18. There are no other defendants named in Plaintiff's complaint.

19. Removal is proper because this Court has diversity jurisdiction under 28 U.S.C. § 1332. By statute, district courts have jurisdiction over all civil actions when the amount in controversy exceeds $75,000, excluding interest and costs, and the dispute is between (1) citizens of different states, (2) citizens of a state or citizens or subjects of a foreign country, (3) citizens of different states and citizens who are subjects of a foreign country are additional parties; or (4) a foreign country and a citizen of a state or different states. 28 U.S.C. § 1332(a).

20. Complete diversity of citizenship exists in this case because Plaintiff is not a citizen of the same state as any defendant. 28 U.S.C. § 1332. Plaintiff is a citizen of New York and all defendants are either citizens of another state or subjects of a foreign country.

21. The amount in controversy exceeds $75,000 excluding interest and costs. 28 U.S.C. § 1332(a). This is clear from the relief sought in the Complaint, which seeks both

compensatory and punitive damages for defamation and emotional distress. *See* Compl. ¶¶ 12-13, 16-17. In addition, Plaintiff has filed a nearly identical complaint against the same parties in the United States District Court for the District of Utah, Case No. 16-cv-00177, in which he has alleged that "[T]he sum in controversy exceeds $75,000." This court may take judicial notice of Plaintiff's pleadings in another jurisdiction. *See Noble Systems Corp. v. Alorica Central, LLC*, 543 F.3d 978, 981 (8th Cir. 2008) (court may take judicial notice of public records); *Brown v. White Castle System, Inc.*, 2006 WL 3335529, *1 (E.D. Mo. 2006) (taking judicial notice of plaintiff's pleadings in another matter brought by plaintiff against defendant).

22. Under 28 U.S.C. § 1446(c)(2)(A)(ii), "the notice of removal may assert the amount in controversy if the initial pleadings seeks . . . (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." Under Missouri Supreme Court Rule 55.19, a plaintiff is precluded from alleging a specific dollar amount in his complaint where, as here, he has alleged tort claims. *Howard v. Frost Nat'l Bank,* 458 S.W.3d 849, 853 (Miss. Ct. App. 2015). Thus, this Court may properly consider the amount in controversy asserted in this Notice of Removal.

## CONSENT AND NOTICE

23. No other defendants have been served with process. Therefore, their consent is not required. *See Roberts v. Palmer,* 354 F.Supp.2d 1041, 1044 (E.D. Mo. 2005) (consent of un-served defendants not required to effectuate removal); *Caranchini v. Bank of America, N.A.,* 2010 WL 3782171, *4 (W.D. Mo. 2010) (consent of defendant who has not been properly served is ignored for purposes of removal).

24. The United States District Court for the Western District of Missouri, Central Division, is the appropriate place for a case removed from the Thirteenth Judicial Circuit Court in Boone County, Missouri. 28 U.S.C. § 105(b)(4).

25. Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided with this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the Thirteenth Judicial Circuit Court in Boone County, Missouri. A copy of the Notice to State Court of Filing of Notice of Removal is attached as Exhibit 2. A copy of the Notice to Parties of Filing of Notice of Removal is attached as Exhibit 3. A copy of the Affidavit of Service of Notice of Removal is attached as Exhibit 4.

26. WHEREFORE, notice is given that this action is removed from the Thirteenth Judicial Circuit Court in Boone County, Missouri, to the United States District Court for the Western District of Missouri, Central Division.

Dated: March __, 2016                    Respectfully submitted,

SmithAmundsen LLC

By:   /s/ James P. Sanders
      James P. Sanders   #58899
      120 S. Central Ave., Suite 700
      St. Louis, Missouri  63105
      Telephone:  (314) 719-3700
      Facsimile:  (314) 719-3710
      jsanders@salawus.com

and

Cameron Stracher, *Pro Hac Vice Pending*
4 New York Plaza, 2d Floor
New York, NY 10004
(212) 743-6513
(646) 810-3089 (fax)
cam@stracherlaw.com

*Attorneys for Defendant David Farrier*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was served by United States mail, postage prepaid, as well as electronic mail, this 10th day of March, 2016, upon:

Justin K. Summary
John J. Allan
Allan and Summary, L.C.
4542 W. Pine Blvd.
St. Louis, MO 63108
Tel: (314) 361-5678
jsummary@allanlaw.com
jja@allanlaw.com

*Attorneys for Plaintiff*

           /s/ James P. Sanders
           *Attorney for Defendant David Farrier*

6

23131502v1